# CHARLESTON.

## LOUIS ABELS *v.* IDA MELNICOFF.
### (No. 5182.)
Submitted February 10, 1925.    Decided February 17, 1925.

JUSTICES OF THE PEACE—*Waiving Counter Affidavit Before Justice of the Peace and Failing to Object to Defendant Filing Plea of Set-off Held to Estop Plaintiff from Objecting to Evidence in Support of Plea.*

The plaintiff filed an affidavit with his account before a justice, but expressly waived the filing by defendant of a counter-affidavit. Upon appeal to the Circuit Court, the case was tried upon the same pleadings as were before the justice, except that the defendant filed a plea of set-off. The plaintiff offered no objections to the filing of the plea when tendered, and proceeded to trial. Upon evidence being offered by defendant in support of his plea, plaintiff objected upon the ground that no counter-affidavit had been filed in the case. The court sustained plaintiff's motion, struck out the plea and refused to permit defendant to introduce any evidence in support of his claim of set-off. *Held:* by waiving the counter-affidavit before the justice and submitting to the filing of defendant's plea without objection before trial in the Circuit Court, the plaintiff was estopped upon the trial there, from invoking the advantage the statute gives for the failure of defendant to file a counter-affidavit.

(Justices of the Peace, 35 C. J. § 561.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

Action by Louis Abels against Ida Melnicoff. From a judgment for plaintiff in justice court, appeal was taken to circuit court. From its judgment for plaintiff, defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Charles T. Herd,* for plaintiff in error.

HATCHER, JUDGE:

This is a case on error from the Circuit Court of Monongalia County.

On March 31st, 1922, the plaintiff had a summons issued by a justice against the defendant for recovery of $136.37 due on a contract. The case was tried on the 27th day of May, at which time the plaintiff filed an account showing the items which made up his claim, and also lodged with the justice an affidavit as to the correctness thereof. The defendant denied the claim and was permitted by the plaintiff to controvert it without filing a counter-affidavit. In fact, an express waiver by the plaintiff of the counter-affidavit is set forth on the docket of the justice. The justice returned a judgment in favor of the plaintiff for the full amount sued for, and the case was thereupon appealed to the Circuit Court.

On November 26th, 1923, the defendant was permitted to file a plea of "offset, counter-claim and recoupment," to which there was no objection by the plaintiff, either then or at any time before trial. On the 13th day of May, 1924, the case went to trial. After the plaintiff had introduced all of his evidence, and after the defendant had partially examined her first witness, the court, upon objection by the plaintiff to the admission of certain evidence, sustained the objection on the ground that the special plea had been improperly filed, and thereupon, struck out the special plea for the reason as stated by the court that it had been filed without a counter-affidavit. Several other witnesses were offered by the defendant for the purpose of giving evidence as to the matters set forth in her plea, but the court refused to permit them to so testify. The verdict of the jury was for the plaintiff in the sum of $114.75.

In *Lewis* v. *Hicks,* 96 Virginia 91, it was held, with reference to an affidavit filed with the declaration in that case for the same purpose as the affidavit was filed with the account in this case, as follows:

"The statute, having provided that the plaintiff might verify his account by affidavit, and have his case placed upon the office judgment docket, requires of the defendant that his defence shall be presented by a plea verified by an act of equal solemnity, and that it shall not be received unless accompanied by an affidavit, but this requirement of

the statute was manifestly imposed for the benefit of the plaintiff, and may be waived by him either expressly or by implication, or he may by his conduct be estopped to take advantage of it."

The foregoing case was cited with approval in our own case of *Williamson and Company* v. *Nigh*, 58 W. Va. 629, wherein it was held:

"Where the plaintiff has filed with his declaration the affidavit provided for by section 46, chapter 125, Code, no plea shall be filed unless the defendant file with it the affidavit required by that section. But where, in such case, a plea, not accompanied by such affidavit, is filed without objection, and the case proceeds to trial, the provision of the statute requiring such affidavit will be treated as having been waived."

The case here now was tried in the Circuit Court on the same pleadings in behalf of the plaintiff as were in the justice trial. Having waived the counter-affidavit before the justice, it was manifestly unfair for the plaintiff, without withdrawal of his waiver, and without intimation or notice that the counter-affidavit would be demanded, to proceed to trial, and when too late for the defendant to file a counter-affidavit, attempt to take advantage of its absence. The requirement of a counter-affidavit was for the plaintiff's benefit. He had the right to waive it, if he saw fit. Having once waived it in his action, he is not entitled to invoke this requirement without notice to defendant of his intention so to do before trial. *A fortiori,* the plaintiff having permitted a plea such as that offered by the defendant to be filed without objection.

For the reasons and authority cited above, it is manifest that the Circuit Court erred in striking out the defendant's plea after the trial before the justice had begun, and in excluding from the jury the evidence offered by the defendant in support thereof. The verdict of the jury herein is, therefore, set aside; the judgment of the lower court reversed, and the defendant awarded a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*